<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---

|                                                    |    |                                       |
| -------------------------------------------------- | -- | ------------------------------------- |
|                                                    | :  |                                       |
| LOU MARRA HOGG'S,                                  | :  |                                       |
|                                                    | :  |                                       |
| Plaintiff,                                         | :  |                                       |
|                                                    | :  | Civil Action No. 07-2972 (JAG)        |
| v.                                                 | :  |                                       |
|                                                    | :  | **OPINION**                           |
| STATE OF NEW JERSEY,                               | :  |                                       |
| DEPARTMENT OF LABOR & DIVISION                     | :  |                                       |
| OF WORKERS' COMPENSATION,                          | :  |                                       |
|                                                    | :  |                                       |
| Defendant.                                         | :  |                                       |
|                                                    | :  |                                       |

---

<u>GREENAWAY, JR., U.S.D.J.</u>

This matter comes before this Court on the motion of Defendant, the State of New Jersey, Department of Labor and Workforce Development, Division of Workers' Compensation ("Defendant"), to dismiss the complaint[1] for failure to state a claim upon which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6), or, in the alternative, for lack of subject matter jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1).  (Docket Entry No. 19).  Plaintiff, Lou Marra Hogg's[2] ("Plaintiff"), opposes this motion.  For the reasons set forth below, this Court will grant Defendant's motion to dismiss.

---

[1] Throughout this opinion, Plaintiff's complaint filed in this Court will be referred to as the "Federal Complaint," while the complaint filed in the state court will be referred to as the "State Complaint."

[2] In her complaint, Plaintiff indicates that her last name is spelled as follows – "Hogg's".

# I. BACKGROUND

This case stems from a final determination of the New Jersey Workers' Compensation Court, awarding Plaintiff 20% permanent disability for injuries she sustained to her right hand and right wrist, and 20% of permanent partial total disability caused by invasive surgery Plaintiff underwent to relieve pain.  On November 14, 2001, Plaintiff had been injured while performing her duties as a senior phlebotomist for Clinical Lab Staff ("Clinical").  (April 12, 2007 Opinion of the Superior Court of New Jersey, App. Div. at 2, attached as Ex. A to Matthew Sapienza's Cert. [hereinafter "Sapienza Cert., Ex. A"].)  Plaintiff received temporary disability benefits under the New Jersey Workers' Compensation Act, N.J. STAT. ANN. §§ 34:15-1 to 34:15-128.5, for twenty weeks because of the injuries she sustained to her right hand and right wrist.  (Id.)

On December 19, 2001, an MIR of her right wrist was performed, which revealed possible injury to the fibrotriangular cartilage, edema of collateral ligaments, subchondral erosions, and "fluid in four joints" of the wrist.  (Id.)  Plaintiff was eventually diagnosed with tendonitis in May 2002 and with Reflex Sympathetic Distrophy (RSD), "'sympathetic nerve system disease," in her right wrist in June 2002.  (Id.)

Thereafter, Plaintiff filed a Workers' Compensation petition and a motion for medical and temporary disability benefits. (Id.)  Based on her claim that she suffered from RSD, Plaintiff sought approval for further medical treatment.  (Id.)  The Workers' Compensation Court appointed an independent neurologist to examine Plaintiff.   (Id. at 2-3).  Following the examination, the neurologist opined that Plaintiff did not have RSD.   (Id. at 3).  As a result, the Workers' Compensation Court judge denied Plaintiff's motion for additional benefits.  (Id.; Dec. 17, 2002 Opinion and Order of Judge Berich, attached as Ex. B to Matthew Sapienza's Cert.

2

[hereinafter "Sapienza Cert., Ex. B"]. ).

Although she did not receive prior court authorization, Plaintiff subsequently had surgery to implant a spinal stimulant device.  (Sapienza Cert., Ex. A at 3 & Ex. B).  Because Plaintiff failed to obtain prior court authorization, Clinical, her employer, claimed it was not responsible for payment of the surgical procedure.  (Sapienza Cert., Ex. A at 3).

Beginning on April 27, 2005, a trial was held in Workers' Compensation Court on Plaintiff's claim for permanent Workers' Compensation Benefits.  (Id.)  During the trial, Plaintiff testified, in detail, about her continuous significant pain and the difficulty she had using her hand and wrist.  (Id.)  She further testified about the implant surgery that she underwent in order to relieve the pain in her hand and wrist.  (Id.)

Following the conflicting testimony proffered by the parties' medical experts, the trial judge resolved the majority of factual disputes in favor of Plaintiff.  (Id.)  Ultimately, the judge concluded that Plaintiff suffered from "'contusion, strain, tendonitis, [and] synovitis of the right hand'" and that these conditions resulted in a 20% disability of the right hand.  (Id.) (internal quotations omitted).  However, the trial judge did not find that Plaintiff suffered from RSD and, thus, did not base the Workers' Compensation Benefits award on a finding as to that condition. (Id. at 4-5; May 23, 2006 Judgment of Workers' Compensation Court, attached as Ex. C to Matthew Sapienza's Cert. [hereinafter "Sapienza Cert., Ex. C"]).

Clinical appealed from the trial judge's final decision to the Superior Court of New Jersey, Appellate Division.  The Appellate Division's review was limited to determining whether the trial judge's decision was supported by sufficient credible evidence in the record.  (Sapienza Cert., Ex. A at 5).  The Appellate Division deferred to the trial judge's expertise in the area of

3

Workers' Compensation Benefits and to his credibility determinations based on the trial judge's

opportunity to observe the testimony of all the witnesses.  (Id.)  Based on the appellate record,

the Appellate Division found "no basis to disturb the judge's determination in petitioner's [i.e.,

Plaintiff's] favor."  (Id.)

  Significantly, the Appellate Division declined to address Plaintiff's perceived errors of

the trial court.  Indeed, Plaintiff did not file an appeal from the hearing judge's December 17,

2002 decision, denying Plaintiff medical and temporary disability benefits, and did not cross-

appeal from the trial judge's May 23, 2006 decision.   (Id. at 8).  While the appeal was still

pending before the Appellate Division, on March 6, 2007, Plaintiff filed a Complaint in the

Superior Court of New Jersey, Law Division, against Defendant.  (March 6, 2007 State

Complaint, attached to Matthew Sapienza's Cert. as Ex. D [hereinafter "Sapienza Cert., Ex. D"]).

  Based on the State Complaint, Plaintiff appears to allege that the Workers' Compensation

hearing and trial judges engaged in gross judicial misconduct by: (1) conducting hearings in

Plaintiff's absence, (2) adjourning hearings without good cause, (3) relying on fraudulent and

factually inaccurate medical evidence to reach its determination, and (4) ordering an independent

medical exam without Plaintiff's consent and without a court order. (Sapienza Cert., Ex. D at 1

& annexed narrative at 1).

  Plaintiff further alleges that the New Jersey Department of Labor and the Division of

Workers' Compensation: (1) refused to investigate her charges of misconduct against the

Workers' Compensation judges; (2) "protect" her legal rights guaranteed by the laws governing

Workers' Compensation Benefits; and (3) refused to overturn the court hearings that occurred on

September 10, 2002 and October 1, 2002 in Plaintiff's absence.  (Sapienza Cert., Ex. D).

4

In her State Complaint, Plaintiff asserts that the actions and inactions of the Department of Labor, the Division of Workers' Compensation, and specifically the Workers' Compensation judges violated her right to due process of law under the Constitution of the United States beginning in 2002 up to and including the time her State Complaint had been filed.  (Id.) Plaintiff sought damages in the amount of $5 million.  (Id.)  By letter dated April 23, 2007, the state Division of Workers' Compensation notified Plaintiff that it had accepted her request to reopen her claim for additional treatment and compensation.[3]  (April 23, 2007 Letter from Div. of Workers' Comp. attached to Matthew Sapienza's Cert. at Ex. G [hereinafter "Sapienza Cert., Ex. G"]).

On August 31, 2007, Defendant moved to dismiss Plaintiff's State Complaint on the following grounds: (1) lack of subject matter jurisdiction, (2) failure to exhaust administrative remedies, (3) failure to comply with the mandatory notice provisions of the New Jersey Tort Claims Act ("New Jersey Tort Claims Act"), N.J. STAT. ANN, §§ 59:1-1 to 59:13-10, and (4) Defendant's immunity from suit under the New Jersey Tort Claims Act.

On October 5, 2007, the Superior Court, Law Division judge granted Defendant's motion to dismiss.  As a preliminary matter, the judge noted that the "Division of Workman's Compensation has exclusive, original jurisdiction over all claims for Workman's Comp."  (Oct. 5, 2007 Transcript of Oral Argument Before Judge Anzaldi attached to Matthew Sapienza's Cert., Ex. H at 17 [hereinafter "Sapienza Cert., Ex. H"].).  The judge then outlined Plaintiff's claim for additional medical benefits through the Workers' Compensation court and Plaintiff's

---

[3] In its moving brief, Defendant states that Plaintiff's reopened claim is still pending before the State of New Jersey, Department of Labor and Workforce Development, Division of Workers' Compensation.

belief that those benefits previously awarded were inadequate.  (Id.)  The judge further stated

that, although Plaintiff had the right to cross-appeal before the Appellate Division, in essence, to

challenge the award of benefits, she did not do so.  (Id.)  Rather, she challenged the award by

filing an action in the Law Division for monetary damages.

      The Superior Court, Law Division judge held in relevant part:

> I'm satisfied that the Law Division does not have jurisdiction.  The
> complaint of the plaintiff in the Law Division should be dismissed.
> There are a number of reasons for that.  One, this Court lacks
> jurisdiction to hear this case.  The Division of Workman's
> Compensation has the exclusive original jurisdiction and any
> complaints about what they did or didn't do is appealable, but not
> to the Law Division.  It goes right up to the Appellate Division. . . .
>
> If the plaintiff feels, and she obviously she does, that the judge of
> the comp court erred in denying her her proper due under the laws,
> again, that is a matter to be appealed.

(Id. at 18-20).

      Plaintiff did not appeal the Order dismissing the State Complaint to the Appellate

Division.  (Matthew Sapienza's Cert., ¶ 13).  Rather, on June 26, 2007, Plaintiff filed the Federal

Complaint in this suit.  The claims against Defendant in the State Complaint are substantially

identical to those claims asserted against Defendant in the Federal Complaint with one exception.

Specifically, Plaintiff refers to "Federal Civil Rights violations consisting of HIA, Social Security

and Americans with Disabilities issues,"[4] as providing the basis for federal subject matter

jurisdiction.  (Fed. Compl. at 1).  Further, the factual allegations in the Federal Complaint are

---

[4] This Court is unaware of any Federal statute with the acronym "HIA."  Plaintiff's
Federal Complaint does not allude as to what law "HIA" might refer.  However, given the liberal
pleading standard for pro se litigants, Haines v. Kerner, 404 U.S. 519, 521 (1972), this Court will
construe "Social Security" as referring to the Social Security Act.

identical to those allegations in the State Complaint.  This motion to dismiss followed.

## II.  ANALYSIS

### A.   Legal Standard for a Motion To Dismiss Under Rule 12(b)(6)

A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007); see also In re Warfarin Sodium Antitrust Litig., 214 F.3d 395, 397 (3d Cir. 2000) (stating that a complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim).  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 127 S. Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 127 S. Ct. at 1964-65 (internal citations omitted); see also FED. R. CIV. P. 8(a)(2).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Id. at 1965 (internal citations omitted).  "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'"  Kost v. Kozakewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure Civil 2d § 1357 at 340) (2d ed. 1990).

7

A court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 (3d Cir. 1994); see also Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987).  The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him to relief, not whether that person will ultimately prevail.  Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 n.8 (3d Cir. 1997). "The defendant bears the burden of showing that no claim has been presented."  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

In reviewing a motion to dismiss, pursuant to Rule 12(b)(6), a court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record.  Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); see also 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 3d § 1357 (3d ed. 2007).  "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them."  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).  Consideration of these referenced documents will not require the conversion of a motion to dismiss under FED. R. CIV. P. 12(b)(6) to one for summary judgment.

In her Federal Complaint, Plaintiff references the appeal from the Workers'

Compensation judge's final determination on her disability award.  (Fed. Compl. at 3).

Furthermore, the appeal and decision of the Appellate Division is a matter of public record.

Therefore, for the purposes of the present motion to dismiss, this Court will consider the facts

and rulings set forth in the Appellate Division's decision as well as the other matters of public

record both referenced in Plaintiff's Federal Complaint and attached to Deputy Attorney General

Matthew Sapienza's Certification submitted in support of Defendant's motion to dismiss.  See

Pittsburgh, 147 F.3d at 259.

**B.      Defendant's 12(b)(6) Motion to Dismiss**

Defendant argues that dismissal of the Federal Complaint is warranted for several

reasons.  Defendant asserts that the State is entitled to Eleventh Amendment immunity and that

the State is not a "person" subject to liability under Section 1983.  Defendant further argues that

Plaintiff's claims are barred by the principles of res judicata and/or collateral estoppel.

Alternatively, Defendant contends that this Court should abstain from hearing the case, pursuant

to the Rooker-Feldman abstention doctrine.

**C.      Dismissal of Plaintiff's Section 1983 claims based on the Eleventh Amendment**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of

her constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory . . . subjects,
> or causes to be subjected, any citizen of the United States or other
> person within the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the Constitution and
> laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under Section 1983, a plaintiff must allege, first, the violation of a

9

right secured by the Constitution or laws of the United States and, second, that the alleged

deprivation was committed or caused by a person acting under color of state law.  <u>West v.

Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir.

1994).

      The Federal Complaint asserts that subject matter jurisdiction is based on "Federal Civil

Rights violations consisting of HIA, Social Security and Americans with Disabilities issues,"[5]

and that her "right to due process in a Court of Law under the U.S. Constitution has been violated

ongoing from 2002 to present (2007)."  (Fed. Compl. at 1-2).  This blanket assertion makes it

difficult for this Court to discern the constitutional violations Plaintiff alleges.

      Notably, the Federal Complaint states that it is "based on Gross Judicial Misconduct of

Workers' Compensation Judges, and failure by the Department of Labor to protect my legal

rights by the laws and Statutes that govern Workers' Compensation.  Various state agencies and

---

[5] Although not raised by Defendant in its motion papers, Plaintiff's Federal Complaint is devoid of any allegations that set forth a cognizable claim under the Social Security Act ("SSA") and/or Americans with Disabilities Act ("ADA").  Because Plaintiff is a <u>pro se</u> litigant, the Court holds her pleadings to a "less stringent[] standard than formal pleadings drafted by lawyers." <u>Haines</u>, 404 U.S. at 521; <u>Mitchell v. Horn</u>, 318 F.3d 523, 529 (3d Cir. 2003).  However, when liberally construed, to the extent Plaintiff asserts a disability discrimination claim under the ADA or a separate claim under the SSA, this Court concludes sua sponte that Plaintiff's vague and conclusory reference to these statutes cannot alone support any such claims.  "[F]or a court to grant judgment on the pleadings, sua sponte, is not error.  The district court may on its own initiative enter an order dismissing the action provided that the complaint affords a sufficient basis for the court's action."  <u>Bryson v. Brand Insulations, Inc.</u>, 621 F.2d 556, 559 (3d Cir. 1980). <u>See</u> <u>McGrath v. Poppleton</u>, 550 F. Supp. 2d 564, 577 n.26 (D.N.J. 2008) (Irenas, J.). Accordingly, Plaintiff's Federal Complaint fails to state a disability claim under the ADA or a claim under the SSA against Defendant for which relief can be granted.  As noted above, the Court is unable to decipher what claims fall under "HIA."

state officials refused to allow my ongoing complaints to be brought to the attention of the past 3 Governors, the past 5 Commissioners of the Department of Labor and the past 4 State Attorney Generals, along with other state agencies, including the Insurance Fraud Prosecutor's Office." (<u>Id.</u> at 2).

The Federal Complaint also alleges Plaintiff intends to hold "these state officials and state agencies liable for their failure to act on my behalf. . . . (<u>Id.</u>)  The Federal Complaint further states that the state Department of Labor and the state Division of Workers' Compensation allowed the Workers' Compensation judge's "denial of her benefits" to remain in effect (despite Plaintiff's absence and participation at court hearings); improperly required Plaintiff to submit to an independent medical examination without her prior consent; and designated Plaintiff's personal physician as the examining doctor without his knowledge.  (<u>Id.</u>)

In opposition to Defendant's motion, Plaintiff appears to have submitted two legal briefs, dated May 6, 2008 and May 28, 2008, respectively.  Because Plaintiff is a <u>pro se</u> litigant, this Court shall consider all of her legal arguments in opposition to Defendant's motion solely to clarify the alleged constitutional violations in her Federal Complaint.  In her May 6, 2008, submission, Plaintiff does not directly address Defendant's legal arguments, but merely contends that Defendant has engaged in a pattern and practice of deceit and deception, as demonstrated by Defendant's failure to timely serve the motion to dismiss on Plaintiff.  In her May 28, 2008, letter brief, Plaintiff appears to assert a section 1983 claim, arguing that the hearings before the Workers' Compensation judges and court rulings violated her "rights to due process and Equal Protection under the law . . . ."  (Pl. Opp. Brf. 5/28/08 at 5).

Based on the allegations in Plaintiff's Federal Complaint and contention in her May 28,

11

2008 opposition brief, this Court construes liberally the Federal Complaint as raising a section 1983 claim for violation of the Fourteenth Amendment.

The Fourteenth Amendment's Due Process Clause provides that a state may not "deprive any person of life, liberty, or property without due process of law."  U.S. CONST. Amend. XIV, § 1.  This Court, however, need not determine whether Defendants denied Plaintiff protection under the Due Process Clause because Defendant argues persuasively that the section 1983 claim against it should be dismissed with prejudice based on immunity.

The Eleventh Amendment to the Constitution of the United States provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. CONST. Amend. XI.  This Amendment bars suits against any state, or its agencies, in federal court by that state's own citizens or citizens of other states.  Edelman v. Jordan, 415 U.S. 651, 662-63 (1974); see also Kelley v. Edison Twp., No. 03-4817, 2006 U.S. Dist. LEXIS 23510, at *18 (D.N.J. Apr. 25, 2006) (citing Bennett v. City of Atl. City, 288 F. Supp. 2d 675, 679 (D.N.J. 2003)) (stating that "[t]he breadth of state sovereign immunity protects not only states, but expands to protect entities and persons who can show that, even though the State is not the named defendant, the state is the real, substantial party in interest.").

The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought.  Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984).  Section 1983 does not override a state's Eleventh Amendment immunity.  Quern v. Jordan, 440 U.S. 332 (1979).  Furthermore, neither states, nor

governmental entities that are considered arms of the state for Eleventh Amendment purpose are "persons" within the meaning of section 1983.  Will v. Mich. Dept. Of State Police, 491 U.S. 58, 70-71 ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under 1983.").

This Court finds that the State of New Jersey is the real, substantial party in interest.  As such, the State of New Jersey is immune, under the Eleventh Amendment, from suit in this Court.  Additionally, the State of New Jersey is otherwise not a "person" subject to liability under section 1983.  Therefore, Plaintiff's section 1983 claims against Defendant State of New Jersey must be dismissed, with prejudice.

Based on a review of the Federal Complaint, it is difficult to discern whether Plaintiff intended to name the State of New Jersey, Department of Labor and Workforce Development ("Department of Labor"), and  Division of Workers' Compensation as a single party defendant or three separate defendants.  Defendant does not address this possible distinction.  Plaintiff's intent, however, is of no consequence because this Court concludes that, like the State, these state agencies are all immune, under the Eleventh Amendment, from suit in this Court.

To determine if a claim asserted against a state agency is barred by sovereign immunity, a court must first ascertain if the State is the real party in interest.  The Third Circuit has set forth the following factors to consider: (1) whether a judgment entered against the state agency would be paid from the state treasury; (2) the status of the state agency under state law; and (3) the state agency's degree of autonomy.  Fitchik v. N.J. Transit Rail Operations, Inc., 873 F.2d 655, 659 (3d Cir. 1989).  More important is the priority among the factors.  The Third Circuit has clearly held that the key inquiry is the first factor -- "whether any judgment would be paid from the state

13

treasury." Id. (internal citations omitted).  Given the Third Circuit's pronouncement that the state-treasury factor is the most important factor of the three, Cooper v. Southeastern Pennsylvania Transportation Auth., __ F.3d __ , No. 07-1522, 2008 WL 5005775, *2 (3d Cir. 2008) (citing Bolden v. Southeastern Pennsylvania Transportation Auth., 953 F.2d 807, 816 (3d Cir. 1991)), this Court concludes that the state-treasury factor weighs heavily in favor of finding immunity.

A defendant carries the burden of proving that it is entitled to sovereign immunity.  See Chisolm v. McManimon, 275 F.3d 315, 323 (3d Cir. 2001).  Here, in support of its sovereign immunity argument, Defendant has not analyzed the Fitchik factors.  Nonetheless, this Court is satisfied, upon review of the applicable sections of the New Jersey Statutes Annotated, that the State of New Jersey is the real party in interest.  First, according to N.J. STAT. ANN. §§ 34:1A-1, 34:1A-1.2, the New Jersey Department of Labor and Workforce Development is a principal department of the state's executive branch.  Second, the Commissioner of the Department of Labor is "appointed by the governor, by and with the advice and consent of the senate. . . . He shall also be chairman of the workmen's compensation bureau."  N.J. STAT. ANN. § 34:1-4.  The Commissioner's salary is paid by the State of New Jersey.  N.J. STAT. ANN. § 34:1-4.  Third, fees and moneys collected by the Commissioner of the Department of Labor under the provisions of Title 34 must be paid by him to the state treasurer.  N.J. STAT. ANN. § 34:1-25.  Finally, the Division of Workers' Compensation is a bureau in the Department of Labor.  N.J. STAT. ANN. §§ 34:1A-10-12.

By suing the Department of Labor, a "principal department" of the State of New Jersey, and the Division of Workers' Compensation, a division within the Department of Labor, Plaintiff

is seeking damages from an arm of the State of New Jersey.  Any potential judgment entered

against the Department of Labor and/or the Division of Workers' Compensation would likely

result in the judgment being paid from the state treasury.

To the extent Plaintiff is suing the Department of Labor and Division of Workers'

Compensation as separate party defendants,  the Eleventh Amendment bars recovery under

section 1983 against both the Department of Labor and Division of Workers' Compensation.  In

any event, neither of these state agencies are  "persons" subject to liability under section 1983.

See Will, 491 U.S. at 70-71.

**D.      Defendant's Motion to Dismiss pursuant to Rooker-Feldman**

Defendant contends that, to the extent the Federal Complaint may be construed as

Plaintiff's attempt to reverse the judgment of the Appellate Division of the Superior Court of

New Jersey, affirming the Workers' Compensation Court's final determination on Plaintiff's

petition for benefits, this Court has no jurisdiction over this matter under the Rooker-Feldman

doctrine.  Defendant argues that the exercise of jurisdiction would result in a reversal or

modification of a state court judgment, as the New Jersey courts have adjudicated fully the

question of whether the Workers' Compensation trial judge's decision to award Plaintiff 20%

permanent disability and 20% permanent partial total disability for her injuries was supported by

sufficient credible evidence in the record.

The Rooker-Feldman doctrine, derived from Rooker v. Fidelity Trust Co., 263 U.S. 413

(1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), bars lower

federal courts from exercising jurisdiction over an action that is "the functional equivalent of an

appeal from a state court judgment."  Marran v. Marran, 376 F.3d 143, 149 (3d Cir. 2004).  The

15

Supreme Court restated the Rooker-Feldman doctrine in Exxon Mobil Corp. v. Saudi Basic

Indus. Corp., 544 U.S. 280 (2005):

> Federal district courts, we noted, are empowered to exercise
> original, not appellate, jurisdiction.  Plaintiffs in Rooker and
> Feldman have litigated and lost in state court.  Their federal
> complaints, we observed, essentially invited federal courts of first
> instance to review and reverse unfavorable state-court judgments.
> We declared such suits out of bounds, i.e., properly dismissed for
> want of subject matter jurisdiction.

Id. at 283-84.

The Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining

of injuries caused by state-court judgments rendered before the district court proceedings

commenced and inviting district court review and rejection of those judgments."  Id. at 284.

The Third Circuit has set forth this formulation of the Rooker-Feldman doctrine:

> [A] claim is barred by Rooker-Feldman under two
> circumstances: first, if the claim was actually litigated in
> state court prior to the filing of the federal action or,
> second, if the claim is inextricably intertwined with [the]
> state adjudication, meaning that federal relief can only be
> predicated upon a conviction that the state court was wrong.
> A finding that Rooker-Feldman bars a litigant's federal
> claims divests a District Court of subject matter jurisdiction
> over those claims.

Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 419 (3d Cir. 2003).  Thus, under the

second prong, the Rooker-Feldman doctrine applies not only when claims have been actually

litigated in state court.  The Third Circuit has explained that "[a] claim is inextricably intertwined

with the state court adjudication when 'federal relief can only be predicated upon a conviction

that the state court was wrong.'" Marran, 376 F.3d at 150 (quoting Parkview Assoc. v. City of

Lebanon, 225 F.3d 321, 325 (3d Cir. 2000)).  "[A] constitutional claim is only barred if finding

16

merit in the claim would require a finding that the state court was wrong." <u>Parkview Assoc.</u>, 225 F.3d at 326.

In contrast, the Third Circuit has found that section 1983 claims based on a substantive due process rights violation is not barred under <u>Rooker-Feldman</u> where the plaintiff is challenging a state agency's underlying investigation of child abuse rather than the custody determination adjudicated by the state court. <u>See</u>, <u>e.g.</u>, <u>Marran</u>, 376 F.3d at 154; <u>Ernst v. Child & Youth Services of Chester County</u>, 108 F.3d 486, 491-92 (3d Cir. 1997).

Here, Defendant does not articulate whether Plaintiff's federal claims have been actually litigated or are inextricably intertwined with the state court's decision. "Unless the federal claims are identical to the state court claims, determining whether the claims have been actually litigated is more difficult than determining whether the claims are inextricably intertwined with the state judgment." <u>Marran</u>, 376 F.3d at 149. However, a claim is barred if either of the two prongs is met. This Court shall begin its analysis by determining if the second prong is met; i.e., whether Plaintiff's federal claims are inextricably intertwined with the state court's award for partial Workers' Compensation benefits.

Following the Third Circuit analysis, the first step is to determine what the state court held. "In applying <u>Rooker-Feldman</u>, the important determination is not necessarily what was argued before the state court, but what was decided by the state court." <u>Bass v. Butler</u>, 116 F. App'x 376, 381 (3d Cir. 2004). The state court decided to award Plaintiff partial Workers' Compensation benefits based on her sustained work-related injuries.

The next step is asking whether the relief requested in the federal action requires determining that the state court's decision is wrong or would void the state court's ruling. When

17

liberally construed, the substance of Plaintiff's allegations is an indirect attack on the partial permanent disability award already adjudicated in state court.  Indeed, even Plaintiff's challenge to the sufficiency of the Division of Labor's investigation is based on the agency's alleged failure to investigate the gross misconduct of the Workers' Compensation judges during the hearings and trial.  Whether the Workers' Compensation judges erred in holding a hearing in Plaintiff's absence, adjourning the hearings without notifying Plaintiff, or relying on "fraudulent" evidence at trial is an issue that must be decided by the New Jersey courts through the appeals process. (Fed. Compl. at 2-3).  In short, Plaintiff failed to avail herself of the proper appellate process.

Because a ruling that Plaintiff's due process rights were violated based on the Workers' Compensation judges' rulings would require a finding that the state court judgment was erroneous, this Court is satisfied that Plaintiff's claims are inextricably intertwined with the state court adjudication.  Thus, the Rooker-Feldman doctrine bars Plaintiff's claims against Defendant from being heard in this Court.  See Marran, 376 F.3d at 153.  See also Ludwig v. Berks County, Pennsylvania, No. 07-3765, 2008 WL 3328281, *2 (3d Cir. Aug. 12, 2008) (noting that the plaintiff's federal constitutional claim against the state court judge was an indirect attack on a custody determination adjudicated in state court, and thus, the plaintiff's due process claims against the judge were barred by the Rooker-Feldman doctrine).

Defendant's motion to dismiss, pursuant to the Rooker-Feldman doctrine, will be granted.

### III.  CONCLUSION

For the reasons set forth above, this Court concludes that, under the Rooker-Feldman doctrine, it does not have subject matter jurisdiction.  Additionally, this Court concludes that Defendant is immune from suit, under the Eleventh Amendment;  thus, Plaintiff's section 1983 claims fail to state a claim upon which relief can be granted.  As such, this Court need not address the issue of whether Plaintiff's claims are barred by res judicata and/or collateral estoppel.  Based upon the foregoing discussion, Defendant's Motion to Dismiss Plaintiff's Complaint (Docket Entry No. 19), will be granted, and the Federal Complaint will be dismissed, with prejudice.


 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Date: December 15, 2008